THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CHANTEL PATTI, individually<br>and on behalf of all others<br>similarly situated<br><br>       Plaintiffs,<br><br>  v.<br><br>DYNAMIC RECOVERY SOLUTIONS, LLC,<br><br>       Defendant. | Case No. 0:18cv60533 |

## DEFENDANT DYNAMIC RECOVERY SOLUTIONS, LLC'S ANSWER & AFFIRMATIVE DEFENSES

NOW COMES Defendant, Dynamic Recovery Solutions, LLC ("DRS"), by and through its attorney and for its Answer and Affirmative Defenses to the Complaint ("Complaint") of Chantel Patti ("Plaintiff"), in the above-entitled matter. DRS denies each and every allegation in the Complaint, unless otherwise admitted or qualified in this Answer, and states and alleges as follows:

## RESPONSE TO INTRODUCTION

1. Responding to Paragraph 1, Plaintiff does not make any allegations against DRS to which DRS is required to respond. To the extent DRS is required to respond, DRS refers Plaintiff to the referenced case law and related statutory language and denies anything inconsistent therewith.

2. Responding to Paragraph 2, Plaintiff does not make any allegations against DRS to which DRS is required to respond. To the extent DRS is required to respond, DRS refers Plaintiff to the referenced case law and related statutory language and denies anything inconsistent therewith.

3. Responding to Paragraph 3, Plaintiff does not make any allegations against DRS to which DRS is required to respond. To the extent DRS is required to respond, DRS refers Plaintiff to the referenced case law and related statutory language and denies anything inconsistent therewith.

4. Responding to Paragraph 4, Plaintiff does not make any allegations against DRS to which DRS is required to respond. To the extent DRS is required to respond, DRS refers Plaintiff to the referenced case law and related statutory language and denies anything inconsistent therewith.

5. Responding to Paragraph 5, DRS admits Plaintiff, on behalf of the putative class, alleges to seek statutory damages under the FDCPA and FCCPA over the putative class timeframe. DRS denies it engaged in any activities in violation of the FDCPA, FCCPA, or any other law.

## RESPONSE TO JURISDICTION AND VENUE

6. Responding to Paragraph 6, DRS admits the cited statutes provide statutory jurisdiction. Notwithstanding this admission regarding jurisdiction provided by the cited statutory provisions, DRS denies all liability associated with the allegations set forth in the Complaint, denies Plaintiff suffered any concrete injury, and denies Plaintiff has Article III standing in this case.

7. Responding to Paragraph 7, DRS admits the cited statutes provide statutory jurisdiction. Notwithstanding this admission regarding jurisdiction provided by the cited statutory provisions, DRS denies all liability associated with the allegations set forth in the Complaint, denies Plaintiff suffered any concrete injury, and denies Plaintiff has article III standing in this case.

8. Responding to Paragraph 8, DRS admits Plaintiff alleges to seek damages which when aggregated among a proposed class numbering in the thousands, or more, exceeds the monetary threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Notwithstanding Plaintiff's allegations, DRS denies all liability associated with the allegations set forth in the Complaint.

9. Responding to Paragraph 9, DRS admits the cited statutory authority grants supplemental jurisdiction to Plaintiff for her FCCPA claims. Notwithstanding Plaintiff's allegations, DRS denies all liability associated with the allegations set forth in the Complaint.

10. Responding to Paragraph 10, DRS admits it transacts business in this venue and that Plaintiff alleges the conduct occurred within this venue. DRS lacks knowledge or information sufficient to admit or deny all remaining allegations; therefore, DRS denies the same and demands strict proof thereof. DRS specifically denies all liability associated with the allegations set forth in the Complaint.

## **RESPONSE TO DEMAND FOR JURY TRIAL**

11. Responding to Paragraph 11, DRS admits Plaintiff requests a jury by trial on all issues. DRS denies Plaintiff has alleged any issues triable by jury.

## **RESPONSE TO PARTIES**

12. Responding to Paragraph 12, DRS lacks knowledge or information sufficient to admit or deny the allegations, denies the same, and demands strict proof thereof.

13. Responding to Paragraph 13, DRS lacks knowledge or information sufficient to admit or deny the allegations, denies the same, and demands strict proof thereof.

14. Responding to Paragraph 14, DRS admits it is a South Carolina corporation, with its principal place of business located in Greenville, South Carolina.

15. DRS admits that at certain times and under certain circumstances it may be deemed subject to the FCCPA.

16. DRS admits that at certain times and under certain circumstances in engages in interstate commerce by using the telephone and/or mail and that it attempts to collect debts. DRS denies any and all remaining allegations and demands strict proof thereof.

17. Responding to Paragraph 17, DRS lacks knowledge or information sufficient to admit or deny the allegations as the phrase "[a]t all times material hereto" is vague and ambiguous whereby DRS cannot formulate a response. As a result, DRS denies the same and demands strict proof thereof.

## RESPONSE TO FACTUAL ALLEGATIONS

18. DRS admits Paragraph 18.

19. DRS admits Paragraph 19.

20. DRS admits Paragraph 20.

21. Responding to Paragraph 21, DRS lacks knowledge or information sufficient to admit or deny the allegations; therefore, DRS denies the same and demands strict proof thereof.

22. Responding to Paragraph 22, DRS lacks knowledge or information sufficient to admit or deny the allegations; therefore, DRS denies the same and demands strict proof thereof.

23. Responding to Paragraph 23, DRS lacks knowledge or information sufficient to admit or deny the allegations; therefore, DRS denies the same and demands strict proof thereof.

24. Responding to Paragraph 24, DRS lacks knowledge or information sufficient to admit or deny the allegations; therefore, DRS denies the same and demands strict proof thereof.

25. Responding to Paragraph 25, DRS admits that at certain times and under certain circumstances it can be defined as a "debt collector" as that term is defined by both the FDCPA and FCCPA.

26. Responding to Paragraph 26, DRS lacks knowledge or information sufficient to admit or deny the allegations; therefore, DRS denies the same and demands strict proof thereof.

27. DRS admits Paragraph 27.

28. DRS admits Paragraph 28.

29. DRS admits Paragraph 29.

30. Responding to Paragraph 30, DRS cannot formulate a response as the referenced statutes does not cite the quoted language; therefore, Plaintiff's allegation is ambiguous. To the extent DRS is required to respond, DRS denies the same and demands strict proof thereof.

31. DRS admits Paragraph 31.

32. Responding to Paragraph 32, DRS lacks knowledge or information sufficient to admit or deny the allegations; therefore, DRS denies the same and demands strict proof thereof.

33. DRS lacks knowledge or information sufficient to admit or deny the allegations; therefore, DRS denies the same and demands strict proof thereof.

34. Responding to Paragraph 34, DRS refers to the cited statute and relevant case law and denies anything inconsistent therewith.

35. DRS admits Paragraph 35.

36. Responding to Paragraph 36, DRS refers to the September 8, 2017 correspondence and denies anything inconsistent therewith.

37. DRS denies Paragraph 37 and demands strict proof thereof.

38. DRS denies Paragraph 38 and demands strict proof thereof.

39. DRS admits Paragraph 39. Further responding, DRS asserts it is not required to provide such statement to Plaintiff.

40. DRS denies Paragraph 40.

## RESPONSE TO CLASS ACTION ALLEGATIONS

41. DRS admits Plaintiff brings this action on behalf of a class; however, DRS denies any such class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure.

42. Responding to Paragraph 42, DRS admits that Plaintiff attempts to define a putative class, denies that such class should be certified pursuant to Rule 23 and denies any and all remaining allegations.

43. Responding to Paragraph 43, DRS specifically denies that a class should be certified pursuant to Rule 23. DRS further denies any remaining allegations.

## *RESPONSE TO EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT*

44. DRS denies Paragraph 44. DRS specifically denies that a class should be certified pursuant to Rule 23.

45. DRS denies Paragraph 45, including each and every subpart. DRS specifically denies that a class should be certified pursuant to Rule 23.

46. Responding to Paragraph 46, DRS admits Plaintiff attempts to carve out certain individuals from the proposed class definition. However, DRS specifically denies that a class should be certified pursuant to Rule 23.

## *RESPONSE TO TYPICALITY*

47. DRS denies Paragraph 47. DRS specifically denies that a class should be certified pursuant to Rule 23.

## *RESPONSE TO ADEQUACY*

48. DRS denies Paragraph 48. DRS specifically denies that a class should be certified pursuant to Rule 23.

49. DRS denies Paragraph 49. DRS specifically denies that a class should be certified pursuant to Rule 23.

50. DRS denies Paragraph 50. DRS specifically denies that a class should be certified pursuant to Rule 23.

*RESPONSE TO PREDOMINANCE AND SUPERIORITY*

51. DRS denies Paragraph 51, including each and every subpart. DRS specifically denies that a class should be certified pursuant to Rule 23.

52. DRS denies Paragraph 52. DRS specifically denies that a class should be certified pursuant to Rule 23.

**RESPONSE TO COUNT I**
**Violation of 15 U.S.C. § 1692e and § 1692f**

53. DRS restates and alleges the above responses as though fully set forth herein.

54. DRS denies Paragraph 54 and demands strict proof thereof.

55. DRS denies Paragraph 55 and demands strict proof thereof.

56. DRS denies Paragraph 56 and demands strict proof thereof.

57. Responding to Paragraph 57, DRS refers to the September 8, 2017 correspondence and denies anything inconsistent therewith. Further responding, DRS states it did not violate any law, cited or otherwise, via the September 8, 2017 correspondence.

58. DRS denies Paragraph 58 and demands strict proof thereof.

59. Responding to Paragraph 59, DRS denies *Pantoja v. Portfolio Recovery Assocs., LLC*, 2017 WL 1160902 (7th Cir. Mar. 29, 2017) addressed the same facts and same claim as that set forth herein. Further responding, DRS refers to this case and denies anything inconsistent herewith.

60. Responding to Paragraph 60, Plaintiff does not assert any allegations to which DRS must respond. To the extent DRS is required to respond, DRS refers to the cited case law and denies anything inconsistent therewith.

61. Responding to Paragraph 61, Plaintiff does not assert any allegations to which DRS must respond. To the extent DRS is required to respond, DRS refers to the cited case law and denies anything inconsistent therewith.

62. Responding to Paragraph 62, Plaintiff does not assert any allegations to which DRS must respond. To the extent DRS is required to respond, DRS refers to the cited case law and denies anything inconsistent therewith.

63. DRS denies Paragraph 63 and demands strict proof thereof.

64. To the extent DRS is required to respond to Paragraph 64, DRS denies all allegations that any judgment for statutory damages, attorney's fees, litigation expenses and costs of the instant suit, or any such other relief is just and/or proper or available to Plaintiff. DRS prays for an order and judgment of this Court against Plaintiff as follows:

1. dismissing all alleged causes of action against DRS with prejudice on the merits;
2. that judgment be granted to DRS and relief requested by Plaintiff be denied;
3. that all costs and attorney fees be awarded to DRS; and
4. for such other relief as the Court deems just and proper.

### RESPONSE TO COUNT II
### VIOLATION OF FCCPA

65. DRS restates and alleges the above responses as though fully set forth herein.

66. DRS denies Paragraph 66 and demands strict proof thereof.

67. DRS denies Paragraph 67 and demands strict proof thereof.

68. To the extent DRS is required to respond to Paragraph 68, DRS denies all allegations that any judgment for statutory damages, attorney's fees, litigation expenses and costs of the instant suit, or any such other relief is just and/or proper or available to Plaintiff. DRS prays for an order and judgment of this Court against Plaintiff as follows:

1. dismissing all alleged causes of action against DRS with prejudice on the merits;

2. that judgment be granted to DRS and relief requested by Plaintiff be denied;

3. that all costs and attorney fees be awarded to DRS; and

4. for such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff has not incurred an injury in fact; therefore, Plaintiff does not have standing under Article III of the United States Constitution to bring the instant claims.

### SECOND DEFENSE

Defendant asserts that Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.

### THIRD DEFENSE

If any action or inaction of DRS violated any statute, which DRS specifically denies, the action or inaction was not intentional or willful.

### FOURTH DEFENSE

Plaintiff's claims for relief are barred in whole or in part because DRS at all times acted in a reasonable manner and in good faith.

### FIFTH DEFENSE

To the extent Plaintiff has been damaged, which DRS specifically denies, Plaintiff has failed to mitigate those damages and therefore should not be able to recover any unmitigated damages from DRS.

### SIXTH DEFENSE

DRS contends it did not engage in any conduct that was outrageous, intentional or malicious, or done with reckless disregard with respect to Plaintiff.

### SEVENTH DEFENSE

While DRS denies Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, DRS alleges such damages were not cased by DRS, but were proximately caused or contributed to by the conduct of those for whom DRS is not responsible or liable.

### EIGHTH DEFENSE

Plaintiff's Complaint and purported claims for relief are barred because Plaintiff sustained no injury or damage as a result of any act or omission of or by DRS.

### NINTH DEFENSE

DRS reserves the right to assert any other defenses that may become available during discovery proceedings or otherwise in this case and hereby reserves the right to amend its answer to assert any such defenses.

This the 9th day of April, 2018.

Respectfully submitted by:

 /s/ Charles J. McHale
CHARLES J. MCHALE, ESQ.
Florida Bar No.: 0026555
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
cmchale@gsgfirm.com
Counsel for Defendant

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 9, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      /s/ Charles J. McHale
CHARLES J. MCHALE, ESQ**.**
Florida Bar No.: 0026555